We'll hear the final case to be argued today, Esposito v. State of New York. Thank you. Good morning. Good morning. So, Ms. Esposito, you've been given eight minutes. You're saving two minutes for rebuttal. Yes. That means you have six minutes. I'll give you a warning when you're at four minutes. Thank you. Good morning. May it please the court. My name is Louisa Esposito. I am the plaintiff appellant pro se. I was sexually abused by my attorney, Alan Isaac. As a result of these crimes, Alan Isaac was suspended as a lawyer. In the order suspending him as an attorney, he made admissions to his crimes to the court that suspended him. Despite these crimes and admissions by the assailant, Alan Isaac, I have been denied my day in court, and I seek redress to this court. This court cannot condone police corruption. This is injustice. I rely entirely on my opening brief. My claims are meritorious based on undisputed factual evidence and well established principles of law. My application to the court is timely based on the late hour obtained of the newly discovered evidence. I could not have known years ago what became public recently. Although under normal circumstances a Rule 60B motion must be filed within a year of the judgment, there is no time limit for a party to move for relief under Rule 60B-6. Based on any other reason that justifies relief or for the court to set aside a judgment based on fraud upon the court. See Rule 60D-3 as established in my opening brief. The district court should have set aside the judgment for both of these reasons. My motion to reopen wasn't untimely. There was new information that came to light after Lieutenant Adam Lamboy was exposed in the news. Regarding his improper operating procedures. Only years later with the fact that Alan Isaac was not arrested because he called in favors would be made known to me. Lieutenant Lamboy and Detective Arbuso told me Isaac was going to get arrested. The police report reads, felony, wanted, Alan Isaac will prosecute, yes. For all the foregoing reasons set forth in my opening brief, I respectfully request that the court reverse Judge Coates' decision and remand this case for further proceedings, including the right to perform reasonable discovery. Ms. Esposito, I'm assuming that everything you say is true. My problem is that we are a federal court. And federal courts are not around, are not empowered simply to do justice generally. We have very limited jurisdiction. And I haven't heard you, I accept everything you say about your wrong, but I haven't heard you say why it is one of those relatively few things that a federal court can step in and do something about. That's my problem, and I'd love to find a way, but I haven't heard that. Well, I'm a woman, and I'm a victim of a sex crime. And I never was able to get justice, and I was denied due process. But that isn't- These are federal crimes. No, that isn't what, I know it sounds that way, but that isn't what generally gives federal courts jurisdiction. There are particular statutes, particular things that give us jurisdiction. There are many, many wrongs that people suffer that we, as federal courts, are not allowed to step in. So that's my, you know, that's my- So civil rights, you don't have jurisdiction over denial of my civil rights? Not as a general, just a general matter. Just saying somebody had a right and was raped or was, that doesn't make it a federal case. And I know it's hard for individual citizens to know that, but that's the basic problem, that we are limited in what we're allowed to do. Do you have jurisdiction if the state court denies me access? No. No. The fact that a state court rules against you doesn't give a federal court jurisdiction. That's, you know, that's the underlying problem. And that's, and I'm trying to explain why a variety of federal courts, maybe not as expressly as I'm trying to say now, have come out the same way. But that isn't saying that we are saying you haven't been wronged or you haven't- I understand. Thank you. All right, you have some time for rebuttal, so we'll hear from the other side. Good morning, David Lawrence III, Assistant Solicitor General here on behalf of the State Defendant's Appellees. The district court acted well within its discretion in denying the plaintiff's latest Rule 60B motion, challenging the 2008 judgment, dismissing her second amended complaint. The court correctly held that the motion is untimely. The plaintiff claimed that her motion was based on newly obtained evidence. This would bring her motion within Rule 60B-2. Such a motion must be brought within one year of the judgment. Plaintiff here waited until over seven years after the judgment to make her motion. The same one year time limit would apply if this court construed the motion as being under 60B-3 for fraud. Plaintiff contends that her motion instead falls under Rule 60B-6, and that rule allows a motion for relief from a final judgment for any other reason that justifies relief. It is well established that whereas here a purported 60B-6 motion, in fact, falls under 60B-2 or 60B-3, namely it claims that it's based on newly discovered evidence or fraud, then one cannot bring it as a 60B-6 motion. In any event, a motion under 60B-6 must be brought within a reasonable time. Plaintiff here did not bring her motion within a reasonable time, or she provides no excuse for waiting several years to bring her motion. Nor does the plaintiff establish fraud in the court, as she argues. An alleged failure by a disciplinary committee to impose sufficient disciplinary  Aside from being untimely, plaintiff's Rule 60B motion is meritless because it simply provides purported new evidence to support the allegations of her complaint. But the district court had already assumed the truth of her allegations in dismissing that complaint, and found that it was barred on numerous legal grounds, such as the 11th Amendment and judicial and quasi-judicial immunity. Finally, the plaintiff has waived her claim that her motion should have been treated as one under Rule 60D-1, because she failed to raise that contention below. In any event, such a relief is not available here, because she unreasonably delayed to make her motion, and because she fails to demonstrate any fraudulent conduct by the defendants to support such a motion. For all these reasons, this court should affirm the judgment, or excuse me, affirm the order denying the motion for relief from the judgment. Thank you. Thank you. We'll hear from Mr. Shapiro. Good morning, your honors. May it please the court, I am counsel to defendant Harvey Gladstein and partners LLC. I don't want to belabor the points, but this is plaintiff's fourth Rule 60B motion based on purported new evidence, filed over seven years after the district court dismissed plaintiff's case in August 2008. This is a plaintiff who simply will not stop bringing these motions. In this court in 2011, denying her second Rule 60B motion based on purported newly discovered evidence. Stated at the time, quote, the district court had presumed all the factual allegations in the complaint as true when it dismissed her complaint on multiple legal grounds. Your honors, that fundamental fact has not changed since 2011, and is the main reason that this court should deny this appeal. There are also other grounds to deny the appeal. The district court did not abuse its discretion in construing plaintiff's motion as a Rule 60B2 motion, and therefore holding was untimely. Because plaintiff's motion states repeatedly throughout that it is one based on quote unquote purported newly discovered evidence. Those are plaintiff's own words in her motion. She cannot hide from them now on this appeal. The evidence is that an unrelated complaint was filed in September 2015 against one of the defendants in this action, Adam Lamboy. Those allegations aren't evidence, and they have no bearing on plaintiff's case, especially since the district court presumed all the plaintiff's factual allegations as true. And finally, one last point, Rule 60D cannot be plaintiff's saving grace, which she argues for on appeal. She made a Rule 60B motion, she should not commence a new independent action under Rule 60D. And she's failed to provide any evidence of fraud on the court with clear and convincing evidence, or really any evidence at all of fraud. Accordingly, respectfully, I request that you deny the appeal. Thank you. Thank you. Ms. Esposito, you have rebuttal if you wish. Thank you. He mentions that I brought up four different motions to reopen. I will continue to bring up motions to reopen every time new evidence is brought light, and why a man that sexually abused me held me hostage, tried to extort oral sex in exchange for legal representation, was never arrested. When a police report and detectives and lieutenants were telling me that they wanted to make the arrest, but they couldn't because favors were getting called in, they have denied me an obstruction of justice in this case for ten years. And I will continue fighting for that justice until I get it. Thank you. Thank you for your time. Thank you. Sir, it's not appropriate. All right, that completes the arguments today, and I'll ask the court to adjourn.